*Harrison*, for the Appellee, cited 3 *Jacob's L. D.* 552. *Tidd's Prac.* 166, 168. *Eadem vs. Lutman*, 1 *Stra.* 612; and 1 *Phill. Evid.* 141.

1818.

Vansant
vs
Money

JUDGMENT REVERSED, AND PROCEDENDO AWARDED.

---

VANSANT, et ux. vs. MONEY's Lessee.

JUNE, (E. S.)

Appeal from *Kent* County Court. Ejectment for a tract of land called *Partnership.* The *plea*, general issue.

At the trial the plaintiff read in evidence, a grant of the land called *Partnership*, issued to *Daniel Toas* on the 17th of October 1684, and deduced a regular title from the grantee to *Benjamin Money.* He then read in evidence the will of *Money*, dated the 25th of March 1806, wherein, after liberating sundry of his slaves, and devising to his executors a tract of land to be sold by them, and the proceeds to be applied to the payment of his debts, he devised as follows, viz. *"Thirdly.* I give and devise to my brother *Joseph Money*, his heirs and assigns, for ever, one half of all those other lands near *Massey's* cross roads, which formerly belonged to *Joseph Massey* and *Unit Angier*, except that part which I have devised to be sold. *The remaining half of the lands above mentioned, I give and devise to be equally divided between my two sisters, Rosa Meekins and Elizabeth Patterson, share and share alike. Fourthly.* I give and devise to my dearly beloved wife, and my daughter *Rebecca Money, all the rest of my real estate* which I may be entitled to have in law and equity, *which is not devised as aforesaid*, on the following terms: To my wife, during her natural life, she supporting, educating and maintaining, my said daughter, in a genteel and liberal way, until she arrives at the age of sixteen; then and after that age my wife to account to her for the yearly value of one half of the said lands, until *the death of my said wife;* then I give and devise the said *land and real estate* to my daughter aforesaid, her heirs and assigns, for ever. And I do give and devise the said lands to my dear wife, her heirs and assigns, should my daughter die before my wife, leaving no children." The plaintiff then proved, that *Rebecca Money*, the lessor of the plaintiff, was the only child and heir at law of the testator, and that the land devised in his will to *Rosa Meekins* and *Elizabeth Patterson*, is a part of the tract called *Partnership.* That *Rosa Meekins'* part thereof are the premises in question, and that *Rosa Meekins*, the devisee mentioned in the will, from whom the defendants claim, survived the testator, and entered upon the premises, and held the same until she conveyed them to the defendants. That *Rosa Meekins* and *Elizabeth Patterson*, and the wife of the testator, died before the institution of this suit. It was admitted that the quan-

*B M by his will dated in 1806, after devising lands to be sold by his executors, devised as follows "I give and devise to my brother J M, his heirs and assigns, for ever, one half of all those other lands near," &c. "The remaining half of the lands above mentioned, I give and devise to be equally divided between my two sisters R M and E P, share and share alike. I give and devise to my dearly beloved wife, and my daughter M M, all the rest of my real estate, which I may be entitled to have in law and equity, which is not devised as aforesaid, on the following terms: To my wife during her natural life, she supporting, educating and maintaining my said daughter, in a genteel and liberal way, until she arrives at the age of 16; then and after that age my wife to account to her for the yearly value of one half of the said lands, until the death of my said wife; then I give and devise the said land and real estate to my daughter aforesaid, her heirs and assigns, for ever. And I do give and devise the said lands to my dear wife, her heirs and assigns, should my daughter die before my wife, leaving no children."——Held that R M the sister, took only an estate for life in the lands devised to her.*

VOL. IV. 40

1818.

Yearly
vs
Ashley

tity of land devised to the lessor of the plaintiff was about 730 acres, and that that devised to *Rosa Meekins* was a-bout 75 acres. The defendants then prayed the court to direct the jury, that the testimony was not sufficient to support the issue joined on the part of the plaintiff. But the Court [*Earle,* Ch. J. & *Purnell* and *Worrell,* A. J.] refused to give this direction, being of opinion that *Rosa Meekins* took only an estate for life in the lands devised to her, and that the plaintiff was entitled to recover. The defendants excepted; and the verdict and judgment being against them, they appealed to this court.

The cause was argued before Buchanan, Johnson, Martin, and Dorsey, J.

*Carmichael* and *Tilghman,* for the Appellants, stated, that the question was, whether or not an estate for life or in fee was devised by the will of *B. Money* to *Rosa Meekins?* To show that an estate in fee was devised to her, they cited *Strong vs. Teatt,* 2 *Burr.* 910, 912. *Frogmorton vs. Holyday,* 3 *Burr.* 1618. *Doe vs. Richards,* 3 *T. R.* 357. *Roe vs. Avis,* 4 *T. R.* 605. *Goodtitle vs. Miles,* 6 *East,* 494. *Robinson vs. Robinson,* 1 *Burr.* 38. *Grayson vs. Atkinson,* 1 *Wils.* 333. *Tanner vs. Wise,* 3 *P. Wms.* 295. *Gulliver vs. Poynts,* 3 *Wils.* 141. *Doe vs. Buckner,* 6 *T. R.* 610; and *Doe vs. Clayton,* 8 *East,* 141.

*Chambers,* for the Appellee, cited *Roe vs. Holms,* 2 *Wils.* 80. *Right vs. Sidebotham,* 2 *Dougl.* 759. *Denn vs. Mellor,* 5 *T. R.* 558. *Doe vs. Wright,* 8 *T. R,* 64. *Doe vs. Allen, Ibid* 497. *Goodright vs. Barron,* 11 *East,* 220; and *Walters vs. Walters,* 3 *Harr. & Johns.* 201.

JUDGMENT AFFIRMED.

---

June, (E. S.)

YEARLY VS. ASHLEY.

In an action of slander the words charged in the several counts in the declaration were—1. J A, (the plaintiff,) did cut my horses' throats. 2 J A did cut my horses' throats, or why did he not come forward and clear himself, or sue me for his character. 3 I am certain that J A cut my horses' throats, and no body else. 4 I believe J A cut my horses' throats, and no body else — Held, (after a general verdict for the plaintiff,) that the words were actionable

APPEAL from *Kent* County Court. This was an action of slander, brought by the appellee against the appellant. The declaration contained four counts—the words charged in the *first* to have been spoken of the defendant, were: "*Isaiah Ashley* did cut my horses' throats. In the *second*: "*Isaiah Ashley* did cut my horses' throats, or why did he not come forward and clear himself, or sue me for his character." In the *third*: "I am certain that *Isaiah Ashley* cut my horses' throats, and nobody else" In the *fourth*: "I believe *Isaiah Ashley* cut my horses' throats, and nobody else." The general issue was pleaded, and there was a general verdict for the plaintiff. The defendant moved in arrest of judgment, and assigned these reasons—1. That the words were not actionable. And 2. That the words, if true, imputed no crime against the plaintiff. The county